J-S39020-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| ROBERT HRUSOVSKY | |
| Appellant | No. 2339 EDA 2014 |

Appeal from the PCRA Order July 3, 2014
In the Court of Common Pleas of Lehigh County
Criminal Division at No(s): CP-39-CR-0000510-1995
CP-39-CR-0001334-1995

BEFORE:  BOWES, J., OTT, J., and MUSMANNO, J.

MEMORANDUM BY OTT, J.:                **FILED SEPTEMBER 28, 2015**

Robert Hrusovsky appeals *pro se* from the order entered on July 3, 2014, in the Lehigh County Court of Common Pleas, which dismissed his first petition for collateral relief,[1] that was styled as a "*pro se* motion to vacate sentence."  Hrusovsky seeks relief from the judgment of sentence of an aggregate 16 to 48 years' imprisonment imposed on June 20, 1996, following his guilty plea to one count of involuntary deviate sexual intercourse (IDSI) (victim less than 16 years old)[2] at Docket No. CP-39-CR-510-1995, and two counts of IDSI and one count of sexual abuse of

_____

[1] **See** Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546.

[2] 18 Pa.C.S. § 3123(5).

children[3] at Docket No. CP-39-CR-1334-1995. In dismissing the motion without a hearing, the PCRA court found that Hrusovsky failed to raise any material fact entitling him to relief and the petition was untimely filed. **See** Order, 5/27/2012. For the reasons that follow, we reverse the PCRA court's order and remand the matter for appointment of counsel.

Hrusovsky's convictions stem from the sexual assault of the eight-year-old victim that occurred multiple times in 1993 and 1994.[4] Hrusovsky also took indecent photographs of the victim at his photography studio.[5] As stated above, he pled guilty and was sentenced on June 20, 1996. Specifically, the court sentenced him to three consecutive terms of five to 15 years' incarceration for the IDSI counts, and a consecutive term of one to three years' imprisonment for the sexual abuse conviction. These sentences were to run concurrently to a sentence imposed against Hrusovsky in Northampton County.[6]

The docket reflects that the case was inactive until January 27, 2014, when Hrusovsky filed a *pro se* motion for transcription. The court denied

---

[3] 18 Pa.C.S. §§ 3123(5) and 6312(b), respectively.

[4] **See** Criminal Complaint, 2/16/1995 (Docket No. CP-39-CR-510-1995); Criminal Complaint, 3/21/1995 (Docket No. CP-39-CR-1334-1995).

[5] **See** Criminal Complaint, 3/21/1995 (Docket No. CP-39-CR-1334-1995).

[6] Our cursory review of the record did not reveal the circumstances and sentence of the Northampton County case.

that motion on February 11, 2014. Subsequently, on May 8, 2014, Hrusovsky filed a non-titled document, which he attempted to style as a motion seeking relief from an illegal sentence. Specifically, he raised claims challenging the legality of his sentence and the failure to join his Lehigh County cases with the case in Northampton County.

On May 27, 2014, in its Pa.R.Crim.P. 907 notice, the PCRA court notified Hrusovsky of its intention to treat the filing as a PCRA petition, and to dismiss the petition without a hearing. *See* Order, 5/27/2014. In a footnote, the court explained its rationale for dismissing the case:

> Although attempting to style his request for a relief as a challenge to legality of sentence imposed after guilty plea entered in 1996, it appears [Hrusovsky] concedes, as he must, that if the conviction for which he is serving is valid, then the sentence falls within the permissible range. What [Hrusovsky] attempts to assert, however, is a belated claim that the prosecution for the subject offense is infirm as violative of the double-jeopardy related protections codified at 18 Pa.C.S. § 110. Such a claim is nonetheless cognizable under, and subject to the strictures of, the [PCRA]. See, e.g., Com. v. Taylor, 65 A.3d 462 (Pa. Super. 2013). And [Hrusovsky] offers no explanation sufficient to satisfy the time bar imposed by the PCRA. See 42 Pa.C.S. § 9545 and Pa.R.Crim.P. No. 901 (absent delineated exceptions, petition must be filed within one year of date judgment becomes final). Accordingly, the within order will issue, stating the intent to dismiss the untimely petitions for relief.

Order, 5/27/2014, at 1, n.1. Hrusovsky filed a *pro se* response on July 1, 2014. Two days later, the court dismissed Hrusovsky's PCRA petition as untimely. Hrusovsky then filed the present appeal.[7]

Hrusovsky raises the following issues for our review and consideration:

> I. Did the [PCRA] court commit an err [sic] of law by failing to consolidate criminal offenses in one county with the offenses in the other county?
>
> II. Did the [PCRA] court err by imposing a mandatory minimum sentence in violation of unconstitutional sentence scheme?

Hrusovsky's Brief at 4.

Before we may address the merits of Hrusovsky's appeal, we must first address the status of his PCRA petition. While Hrusovsky's petition appears to have been untimely filed,[8] the record reveals this is his first petition.

_____

[7] On August 11, 2014, the PCRA court ordered Hrusovsky to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Hrusovsky filed a concise statement on September 3, 2014, two days past the deadline. Nevertheless, the PCRA court issued an opinion pursuant to Pa.R.A.P. 1925(a) on August 29, 2014.

[8] A PCRA petition must be filed within one year of the date the underlying judgment becomes final. 42 Pa.C.S. § 9545(b)(1). A judgment is deemed final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking review." 42 Pa.C.S. § 9545(b)(3). Accordingly, Hrusovsky's sentence became final on July 22, 1996, 30 days after the period to file a direct appeal with this Court expired. **See** Pa.R.A.P. 903(a). Therefore, pursuant to Section 9545(b)(1), Hrusovsky had one year from the date his judgment of sentence became final to file a PCRA petition. **See Commonwealth v. Taylor**, 67 A.3d 1245 (Pa. 2013), *cert. denied*, 134

*(Footnote Continued Next Page)*

Furthermore, the PCRA court acknowledges that his claim of double jeopardy is cognizable under the PCRA.  **See** Order, 5/27/2014, at 1, n.1.

"Pursuant to the rules of criminal procedure and interpretive case law, a criminal defendant has a right to representation of counsel for purposes of litigating a first PCRA petition through the entire appellate process." **Commonwealth v. Robinson**, 970 A.2d 455, 457 (Pa. Super. 2009) (citations omitted); **see also** Pa.R.Crim.P. 904(C) ("[W]hen an unrepresented defendant satisfies the judge that the defendant is unable to afford or otherwise procure counsel, the judge shall appoint counsel to represent the defendant on the defendant's first petition for post-conviction collateral relief.").

Because the PCRA court failed to appoint counsel, we reverse the July 3, 2014, order denying him relief and remand for a determination of indigence and, if Hrusovsky is found to be indigent, for the appointment of counsel.[9]  **See Commonwealth v. Kutnyak**, 781 A.2d 1259, 1261 (Pa. Super. 2011), *appeal denied*, 863 A.2d 1144 (Pa. 2004) (treating appellant's *pro se* motion challenging his guilty plea as a PCRA petition "regardless of the manner in which the petition is titled"; concluding appellant was entitled

_(Footnote Continued)_ ⎯⎯⎯⎯⎯⎯⎯⎯

S. Ct. 2695 (U.S. 2014).  The instant petition was not filed until May 8, 2014, making it patently untimely.

[9]  This Court may *sua sponte* direct the appointment of counsel.  **See Commonwealth v. Stossel**, 17 A.3d 1286 (Pa. Super. 2011).

to counsel on his first PCRA petition); *see also Commonwealth v. Smith*, 818 A.2d 494, 501 (Pa. 2003) ("[A]n indigent first-time PCRA petitioner is entitled to the assistance of counsel, whether or not the PCRA court ultimately concludes that the PCRA petition is untimely.").[10]

We direct PCRA counsel to determine if Hrusovsky can aver an exception to the PCRA time limits and examine if there are other issues that may be of merit if Hrusovsky's petition is timely. We note PCRA counsel may elect to file a "no-merit" letter pursuant to *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988), and *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

Order reversed. Case remanded with instructions consistent with this memorandum. Jurisdiction relinquished.

*Judgment Entered.*

*Joseph D. Seletyn, Esq.*
*Prothonotary*

*Date: 9/28/2015*

---

[10] We note in its brief, the Commonwealth acknowledges the legal precedence and states it does not oppose a remand for the appointment of counsel. *See* Commonwealth's Brief at 4-7.